# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 19-09-GF-BMM |
| Plaintiff, | |
| vs. | JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE |
| ALGER W. SWINGLEY AND GLACIER COUNTY, a political subdivision of the State of Montana, | |
| Defendants. | |

This matter having been before this Court by Plaintiff, United States of America, by and through its attorney, Victoria L. Francis, Assistant United States Attorney for the District of Montana, and upon considering the pleadings filed herein, it appears there is no issue of material fact, and the Court now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.      This court has jurisdiction of this action for the reason that the United States of America is the party Plaintiff under 28 U.S.C. § 1345.   The real property that is the subject of this foreclosure action is located in the County of Glacier, State of Montana, and is described as follows:

Parcel A:

Township 37 North, Range 14 West, M.P.M.
Section 34:   All that portion of the NE¼SW¼ lying North of Montana State Highway 17, less any United States Reclamation Service Lands.

Parcel B:
Township 37 North, Range 14 West, M.P.M.
Section 34:   All that portion of the NE¼SW¼ lying South of Montana State Highway 17, less any United States Reclamation Service lands.   (Doc. 1, Para. 2).

2.      Alger Swingley received a loan guaranteed by the Bureau of Indian Affairs pursuant to 25 USC § 1481 et. seq. in the amount of $218,000.00 from Native American Bank, NA.   The loan is evidenced by a promissory note dated July 25, 2007.   A true and correct copy of the promissory is attached to the Complaint as Exhibit A.   (Doc. 1, Para. 3).

3.      As security for the above-described loan Alger Swingley executed a Trust Indenture on July 25, 2007, providing the Native American Bank, NA, a security interest in the real property described above:   (Doc. 1 Para. 2).   The Trust Indenture was filed of record with the Clerk and Recorder of Glacier County on July 25, 2007, in Book 72 of Mortgages, at Page 61, as Document No. 260726.   A true and correct copy of the Trust Indenture is attached to the complaint as Exhibit B. (Doc. 1, Para, 4).

4.      The Deeds of Trust provide as security the real property located in Glacier County, Montana and described as follows:

Parcel A:
Township 37 North, Range 14 West, M.P.M.
Section 34:   All that portion of the NE¼SW¼ lying North of Montana State Highway 17, less any United States Reclamation Service Lands.

Parcel B:
Township 37 North, Range 14 West, M.P.M.
Section 34:   All that portion of the NE¼SW¼ lying South of
Montana State Highway 17, less any United States Reclamation
Service lands.

5.       Defendant, Alger Swingley, is in default under the terms of the promissory note, trust indenture and security agreements described above due to failure to make timely payments of principal and interest as agreed.   The account was accelerated on April 29, 2011.   (Doc. 1, Para. 5).

6.       Defendant, Alger Swingley, is indebted to the Plaintiff for the loan outlined above in the principal amount of $202,536.60, plus accrued interest in the amount of $17,823.82.   The BIA stopped accruing additional interest in 2013. Thus, no additional interest has accrued on the debt since 2013.   As of December 1, 2017, the date when the certificate of indebtedness was signed, a combined total of $220,360.42 is due and owing.   Attached to the Complaint as Exhibit D is a Certificate of Indebtedness which verifies the amount due.   Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961.   (Doc. 1, Para. 6).   The United States does not seek a deficiency judgment.

7.       Defendant, Alger Swingley was served by publication (Dkt Nos. 17 and 18).   Defendant Alger Swingley did not make an appearance.   His Default was entered on November 26, 2019.   (Dkt. 21).

8.       Terryl Matt, Glacier County Attorney, executed a Waiver of Service of Summons; it was filed with the Court on February 25, 2019. (Dkt No.

5). On November 27, 2019, Defendant Glacier County filed a stipulation with the United States consenting to entry of judgment, decree of foreclosure, and order of sale. It was further stipulated that any judgment shall recognize the priority of the principal amount of any real property taxes owed or to be assessed against the property that is the subject of the foreclosure to the date of sale. (Dkt No. 22).

CONCLUSIONS OF LAW

9.      Glacier County, Montana has priority for the principal amount of any assessed taxes to the date of sale.

10.      The Plaintiff, United States, is entitled to judgment against Defendant, Alger Swingley, in the principal amount of $202,536.60, plus accrued interest in the amount of $17,823.82. The BIA stopped accruing additional interest in 2013. Thus, no additional interest has accrued on the debt since 2013 As of December 1, 2017, the date when the certificate of indebtedness as signed, a combined total of $220,360.42 was due and owing. Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961.

11.      The Plaintiff, United States, is entitled to an order of sale of the real property described herein.

Wherefore, based upon the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.    Plaintiff, United States of America, have judgment against Defendant, Alger Swingley, in the principal amount of $202,536.60, plus accrued interest in the amount of $17,823.82 for a combined total of 220.360.42.   The BIA stopped accruing additional interest in 2013.   Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

2.    Each and all of the material allegations contained in the Plaintiff's Complaint are true and correct.

3.    The real property described hereafter, together with all improvements, tenements, rights, privileges, and appurtenances, be foreclosed and ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court. The real property is located in Glacier County, Montana, and described as follows:

> Parcel A:
> Township 37 North, Range 14 West, M.P.M.
> Section 34:   All that portion of the NE¼SW¼ lying North of
> Montana State Highway 17, less any United States Reclamation
> Service Lands.

> Parcel B:
> Township 37 North, Range 14 West, M.P.M.
> Section 34:   All that portion of the NE¼SW¼ lying South of
> Montana State Highway 17, less any United States Reclamation
> Service lands.

4.    The real property be sold with the right of redemption as provided in Mont. Code Ann. 25-13-801 through 25-13-825.   The United States is not seeking a deficiency judgment.

5.    The real property be sold in one unit.

6.     If the Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash, but be in the form of suitable documentary evidence as a debit against the judgment.

7.     The U.S. Marshal be required to provide a Certificate of Sale to the purchaser at the time of sale of the real property. The purchaser be entitled to a deed to the premises at the expiration of one year from the date of sale, unless the premises are previously redeemed

8.     In the event the Plaintiff is the purchaser at the sale and possession of the premises is not surrendered to the Plaintiff upon issuance of a Marshal's deed, a writ of assistance be issued directing the United States Marshal to deliver possession of the premises to the Plaintiff.

9.     The U.S. Marshal for the District of Montana, out of the proceeds of the sale of the real property, shall retain his fee, disbursements, and expenses of the sale and any excess sale proceeds shall be paid in the following amounts to the following entities with the following priorities:

A.     To Glacier County, Montana, to satisfy the principal amount of any assessed taxes, to the date of sale.

B.     To the Plaintiff, United States, to satisfy the judgment set forth in paragraph 1 above.

C.     Any overplus remaining after the payments to Glacier County and Plaintiff shall be paid by the United States Marshal for the District of Montana to the Clerk of this Court for further order of this Court.

10.     The Defendants, and any and all persons claiming under them, and all persons having liens subsequent and inferior to the lien of the Plaintiff's deed of trust, either by mortgage, judgment, or decree, upon the real property described in the deed of trust subject of this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, subsequent to the filing of this action, shall be forever barred and foreclosed of and from all equity of redemption and claim to the deed of trust or premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

11.     All or any of the parties to this action be entitled to purchase at the sale. If Plaintiff purchases at the sale, then the rents, issues and profits arising or in any manner accruing to or from the premises, be due and payable to the Plaintiff.

DATED this 4th day of December, 2019.


_____

Brian Morris
United States District Court Judge